**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50169 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00679-GHK-1 |
| v. | |
| UBEN RUSH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted November 10, 2016
Pasadena, California

Before: SCHROEDER and BYBEE, Circuit Judges, and SMITH, Chief District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable William E. Smith, Chief United States District Judge for the District of Rhode Island, sitting by designation.

Uben Rush ("Rush") was convicted of eleven counts of healthcare fraud in violation of 18 U.S.C. § 1347 and three counts of illegal remunerations involving a federal healthcare program in violation of 42 U.S.C. § 1320a-7b(b)(2)(A). Rush appeals from her convictions, claiming that (1) the Government's peremptory strike of a black juror on the jury panel violated *Batson v. Kentucky*; (2) the admission of her prior trial testimony and the subsequent issuance of a cautionary instruction was plain error; and (3) her convictions under both statutes violated the Fifth Amendment's double jeopardy clause. Rush also appeals from her 156-month sentence of imprisonment, claiming that (1) the district court erred when it applied a 20-level enhancement to her sentencing calculation after finding that the total loss to Medicare exceeded $8,000,000; (2) the 151-188 month sentencing range calculated was a violation of her Sixth Amendment right to a fair jury trial; and (3) the district court erred when it applied a 2-level enhancement based on its finding that she abused a position of trust pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.3. In addition, Rush claims that the district court erred when it ordered her to pay Medicare $8,184,356 in restitution. We affirm.

1. The district court did not err when it concluded that the Government had not committed a *Batson* error by exercising a peremptory strike on the jury panel's only black juror. The Government's proffered race-neutral explanation for its

2

exercise of the peremptory strike is sufficiently race-neutral. *See Stubbs v. Gomez*, 189 F.3d 1099, 1105–06 (9th Cir. 1999); *United States v. Changco*, 1 F.3d 837, 840 (9th Cir. 1993). Rush did not meet her burden of showing the peremptory strike was for an improper purpose.

2. The district court did not plainly err by either allowing Rush's testimony from her first trial to be read into the record or by issuing a cautionary instruction to the jury instructing them that, during their deliberations, they *could* consider Rush's prior testimony as evidence but they *could not* consider the fact that a previous trial had occurred. Rush specifically assented to the admission of the prior trial testimony, the issuance of the cautionary instruction, and the substance of the cautionary instruction, thereby waiving any substantive objections. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

3. Rush's claim that her convictions for healthcare fraud and illegal remunerations were multiplicitous because the latter is a lesser included offense of the former is reviewed *de novo*. "To determine whether two statutory provisions prohibit the same offense, we must examine each provision to determine if it 'requires proof of a[n additional] fact which the other does not.'" *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008) (alteration in original) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Both 18 U.S.C. § 1347

3

and 42 U.S.C. § 1320a-7b(b)(2)(A) relate to federal healthcare programs. Healthcare fraud alone requires proof of a scheme to either defraud a benefit program or to obtain a program's money or property by means of false or fraudulent pretenses, whereas illegal remunerations alone requires proof of a remuneration to induce a referral for any item or service from a program. Convictions for violations of both statutes are, therefore, not multiplicitous. *See Davenport*, 519 F.3d at 943.

4. Rush claims that the district court erred by basing the loss calculation applied in the sentencing process on Medicare's entire loss instead of basing the loss calculation solely on the specific counts in the indictment. When fraud is involved, "loss is the greater of actual loss or intended loss." U.S.S.G. § 2B1.1 cmt. n.3(A). The district court "need only make a reasonable estimate of the loss." *Id.* at cmt. n.3(C). "In health care fraud cases, the amount billed to an insurer shall constitute prima facie evidence of intended loss for sentencing purposes." *United States v. Popov*, 742 F.3d 911, 916 (9th Cir. 2014) (citing U.S.S.G. § 2B1.1 cmt. n.3(F)(viii)). The district court's loss determination is entitled to deference because "[t]he sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence." U.S.S.G. § 2B1.1 cmt. n.3(C). The

district court did not abuse its discretion by including Medicare's entire loss in determining the applicable loss calculation during sentencing.

5. Rush claims that her Sixth Amendment right to a fair trial was violated when the district court found that all of the claims that her companies submitted to Medicare were fraudulent, thus exposing her to a sentencing range of 151-188 months. This Court has been clear, however, that "extra-verdict findings" are only problematic in a mandatory guidelines system, *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005), and that "judicial consideration of facts and circumstances beyond those found by a jury or admitted by the defendant does not violate the Sixth Amendment right to jury trial." *United States v. Treadwell*, 593 F.3d 990, 1017 (9th Cir. 2010) (citations omitted). Rush's sentence of 156 months is not substantively unreasonable because it is at the low end of the range calculated using the sentencing guidelines and does not exceed the statutory maximum for either offense of conviction. *See United States v. Laurienti*, 731 F.3d 967, 976 (9th Cir. 2013); *Treadwell*, 593 F.3d at 1015. The district court, therefore, did not abuse its discretion in sentencing Rush to 156 months' imprisonment.

6. The district court did not err by applying a 2-level enhancement based on Rush's abuse of a position of trust pursuant to U.S.S.G. § 3B1.3. *See United States*

*v. Adebimpe*, 819 F.3d 1212, 1219-20 (9th Cir. 2016) (holding that this abuse-of-a-position-of-trust enhancement could apply to a Medicare equipment supplier).

7. Rush challenges the amount of restitution that she was ordered to pay to Medicare as improperly including claims paid by Medicare that were not specifically alleged in the indictment. 18 U.S.C. § 3664(f)(1)(A) mandates that, "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court . . . ." The district court did not abuse its discretion when it ordered Rush to pay the full amount of Medicare's loss in restitution because it carefully determined the total loss sustained by Medicare and subtracted the amount of money that Rush voluntarily refunded to Medicare.

**AFFIRMED.**